IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03302-WJM-KLM

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARL F. OLSEN, and
EL PASO COUNTY, COLORADO,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Carl F. Olsen's ("Olsen") **Motion to Dismiss** [#6][1] (the "Motion"). Plaintiff filed a Response [#13]. Defendant Olsen, who proceeds in this matter as a pro se litigant,[2] did not file a Reply. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation regarding disposition. The Court has reviewed the Motion [#6], the Response [#13], the relevant law, and the entire case file, and is advised in the premises.

---

[1] "[#6]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

For the reasons stated below, the Court **RECOMMENDS** that the Motion [#6] be **DENIED**.

## I. Background

Plaintiff brings this action pursuant to 26 U.S.C. § 7401 and 7403 in order to "reduce to judgment the outstanding federal income tax assessments against [Defendant Olsen]," to "foreclose the federal tax liens on certain real property" located in Colorado, and to "sell the property to satisfy Mr. Olsen's federal tax debts." *Compl.* [#1] at 1. In his briefly-worded Motion [#6], Defendant Olsen argues that the Court lacks subject matter jurisdiction over this action and personal jurisdiction over him. The Court also construes Plaintiff's argument that "[t]here is no competent witness or evidence" to support Plaintiff's lawsuit under Fed. R. Civ. P. 12(b)(6). *Motion* [#6] at 2.

## II. Standard of Review

### A. Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); see Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing

a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court “may not presume the truthfulness of the complaint's factual allegations.” *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. Id. In order to make its findings regarding disputed jurisdictional facts, the Court “has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing.” *Id.* (citing *Ohio Nat’l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on “evidence outside the pleadings” to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B. Fed. R. Civ. P. 12(b)(2)**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is to test whether the Court has personal jurisdiction over the named party. After a motion to dismiss has been filed, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen v. Amateur Basketball Ass’n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court “may also consider affidavits and other written materials submitted by the parties.” *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1189 (D.

Colo. 2004). Any factual disputes are resolved in the plaintiff's favor. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074-75 (10th Cir. 2004).

**C. Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal

quotation marks and citation omitted).

**III. Analysis**

Defendant Olsen's Motion [#6] consists of undeveloped assertions and generalized statements in opposition to the lawsuit. However, the Court makes a few observations with respect to Defendant Olsen's vague arguments.

First, regarding subject matter jurisdiction, "Congress vested in the district courts 'jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.'" *United States v. Christiansen*, 414 F. App'x 218, 220 (11th Cir. 2011) (citing 28 U.S.C. § 1340). "[D]istrict courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale, *id.* § 7402(a)." *Id.* Thus, the Court is satisfied that it has subject matter jurisdiction in this lawsuit.

Second, regarding personal jurisdiction, the Court has personal jurisdiction over residents of the state of Colorado because the District of Colorado encompasses the entire state. *See Dallas Buyers Club, LLC v. Cordova*, __ F. Supp. 3d __, __, 2015 WL 782988, at *7 (D. Colo. 2015) ("As Defendant resides in the District of Colorado, the Court has personal jurisdiction over him."). In the Complaint, Plaintiff alleges that Defendant Olsen is a resident of Colorado. *Compl.* [#1] ¶ 5. Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendant Olsen. *See Satriano v. Countrywide Home Loans, Inc.*, No. 14-cv-02216-KLM, 2015 WL 1887260, at *3 (D. Colo. Apr. 23, 2015) ("As alleged in the pleadings, the Subject Property is located in Colorado and Plaintiff resides in Colorado. Service by publication was proper. Therefore, the Court is satisfied that it may exercise personal jurisdiction in this matter."

(citation omitted)); *United States v. Stock Asylum LLC*, No. 14-cv-01979-WJM-NYW, 2015 WL 638200, at *2 (D. Colo. Feb. 13, 2015) ("The Court further finds that it has personal jurisdiction over Defendants, as Stock Asylum is a Colorado limited liability corporation with its principal place of business in Boulder, Colorado and Defendant Rovtar resides in Boulder, Colorado."); *Evans v. Loveland Automotive Invs., Inc.*, No. 13-cv-02415-WJM-KMT, 2015 WL 161295, at *3 (D. Colo. Jan. 12, 2015) ("The Court also finds it has personal jurisdiction over the Defendants because, Plaintiffs allege, Defendant Pipe is domiciled in Colorado, and Defendants Pipeline Auto Transport, Inc. and Loveland Automotive Investments, Inc. are incorporated and have their principal places of business in Colorado.").

Third, to survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero*, 510 F.3d at 1200 (citation omitted). Review of the Complaint demonstrates to the Court that Plaintiff pleads a plausible entitlement to relief, and thus dismissal pursuant to Rule 12(b)(6) would be improper. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."). Accepting the well-pled allegations of Plaintiff's Complaint as true (as the Court must in evaluating a Rule 12(b)(6) challenge), Plaintiff has asserted that tax assessments have been calculated regarding Defendant Olsen, notice of the assessments and demands for payment have been issued to Defendant Olsen, and tax liens have been recorded against Defendant Olsen. *See, e.g.*, *Compl.* [#1] ¶¶ 12, 13, 18. On the basis of those assessments and liens, it is plausible, if not probable, that Plaintiff will be entitled to reduction of the liens

to judgment and foreclosure of the subject property for satisfaction of the judgment. *See, e.g.*, *Sorenson v. O'Neill*, 73 F. App'x 341 (10th Cir. 2003) (holding that petitioners were subject to federal tax laws "just like everyone else who lives in the United States," and upholding enforcement of tax liens against petitioners); *United States v. D'Andrea*, No. 09-cv-01940-PAB-MJW, 2010 WL 3842807 (D. Colo. Aug. 31, 2010) (evaluating United States' claims to enforce tax liens and foreclose on property, and entering summary judgment in favor of United States); *United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843 (D. Colo. Mar. 3, 2010) (order entering summary judgment in favor of United States, which reduced tax penalties and assessments to judgment and allowed foreclosure on subject property in satisfaction of judgment). Of course, if the discovery process reveals facts disproving the allegations stated in Plaintiff's Complaint, Defendant Olsen's assertions may be revisited in the context of a motion for summary judgment.

## IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that the Motion [#6] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 22, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge