**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 14-cv-03302-WJM-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CARL F. OLSEN, and
EL PASO COUNTY, COLORADO,

     Defendants.

---

**<u>AMENDED</u> ORDER GRANTING MOTION FOR ENTRY OF DEFAULT**
**AGAINST DEFENDANT CARL F. OLSEN**

---

In this action to enforce a federal tax lien, the United States of America ("Plaintiff") brings claims against Defendant Carl F. Olsen ("Defendant") seeking to foreclose on its lien for unpaid taxes, interest, and penalties.  (ECF No. 1.)  Before the Court is Plaintiff's Motion for Entry of Default Against Defendant Carl F. Olsen ("Motion").  (ECF No. 33.)  For the following reasons, the Court grants the Motion and directs the Clerk to enter default against Defendant.

## I.  DISCUSSION

Default must enter against a party who fails to "plead or otherwise defend" a lawsuit.  Fed. R. Civ. P. 55(a).  "[T]he 'typical Rule 55 case is one in which a default has entered because a defendant failed to file a timely answer.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986)) (brackets omitted).  However, Rule 55(a) also permits the entry of default where a party has failed to

"otherwise defend."  Entry of default is proper under such circumstances when a defendant's failure to respond "'thwart[s] the ability of the Court to resolve the matter on the merits.'"  *Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012) (quoting *State Res. Corp. v. Sirios*, 2011 WL 318754, at *2 (D. Colo. Jan. 28, 2011)).

Plaintiff filed its Complaint in this action on December 5, 2014.  (ECF No. 1.)  On December 31, 2014, Defendant, proceeding *pro se*, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12.  (ECF No. 6.)  Plaintiff filed a Response in opposition to the Motion to Dismiss (ECF No. 13), but Defendant filed no Reply.  On May 22, 2015, Magistrate Judge Kristen L. Mix entered a Recommendation to deny Defendant's Motion to Dismiss.  (ECF No. 29.)  Despite the advisement in the Recommendation that objections were due within fourteen days of service of the Recommendation, Defendant filed no such objection.  (*See id.* at 7.)  The Court adopted the Recommendation on June 10, 2015, and denied Defendant's Motion to Dismiss.  (ECF No. 30.)  Federal Rule of Civil Procedure 12(a)(4)(A) provides that a defendant must file a responsive pleading within fourteen days of receiving notice of the denial of a Rule 12 motion to dismiss.  Accordingly, Defendant's responsive pleading was due on June 27, 2015.[1]  No such pleading was filed.

On July 21, 2015, Plaintiff moved for a Clerk's Entry of Default (ECF No. 31); however, the Clerk entered a Note indicating that default would not be entered because Defendant had participated in the case by filing the Motion to Dismiss.  (ECF No. 32.)

---

[1] Pursuant to Rule 6(d), a party such as Defendant who is served by mail is provided an additional three days after a filing deadline would otherwise expire.

Accordingly, Plaintiff filed the instant Motion on July 28, 2015, seeking an order from this Court directing the entry of default against Defendant.  (ECF No. 33.)

The Court finds that Defendant has failed to participate in this case in any way since he filed his Motion to Dismiss nearly eight months ago.  Plaintiff notes that it served Defendant with discovery requests in April and May 2015, to which he had 30 days to respond pursuant to Federal Rules of Civil Procedure 33, 34, and 36, and that no response was received.  (ECF No. 33-1 at 1–2.)  Defendant also failed to respond to either of two letters Plaintiff sent to him via e-mail and postal mail regarding its discovery requests and attempts to take his deposition.  (*Id.*)  The Court notes that Defendant has been served copies of each of its orders by mail, and that none of these copies has been returned as undeliverable, nor has the Court received any notice of change of address from Defendant.

The Court recognizes that, because Defendant is *pro se*, he may be unfamiliar with court rules and procedures, and thus caution is warranted in entering default against him.  Nevertheless, a defendant's "*pro se* status does not relieve him of the obligation to comply with procedural rules."  *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).  As a result of Defendant's repeated failure to comply with his discovery obligations or to file any responsive pleading after the denial of his Motion to Dismiss, the Court has been prevented from considering the merits of Plaintiff's claim.  Accordingly, entry of default is appropriate.  *See Mrs. Condies Salad*, 858 F. Supp. 2d at 1218.

3

## II.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Motion for Entry of Default Against Defendant Carl F. Olsen (ECF No.

33) is GRANTED;

2.     The Default Judgment [35] which was entered prematurely is VACATED; and

3.     The Clerk shall enter Defendant Carl F. Olsen's default.


Dated this 21st day of August, 2015.

BY THE COURT:

_____

William J. Martinez
United States District Judge

4