**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3302-WJM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL F. OLSEN; and
EL PASO COUNTY, COLORADO.

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST CARL F. OLSEN**

---

Plaintiff United States of America ("Plaintiff") brings this action against Defendants Carl F. Olsen and El Paso County, Colorado to reduce to judgment outstanding federal income tax assessments and to foreclose federal tax liens. (ECF No. 1.) Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Carl F. Olsen (the "Motion"). (ECF No. 22.) For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint on December 5, 2014. (ECF No. 1.) On December 31, 2014, Defendant Olsen filed a *pro se* Motion to Dismiss for lack of jurisdiction. (ECF No. 6.) Magistrate Judge Kristen L. Mix recommended that the Motion to Dismiss be denied. (ECF No. 29). Defendant Olsen did not object to the Recommendation and the Court adopted the Recommendation on June 10, 2015. (ECF No. 30.)

On July 28, 2015, Plaintiff filed a Motion for Entry of Default against Defendant Olsen. (ECF No. 33.) The Court, in considering that motion, noted that Defendant Olsen had failed to comply with his discovery obligations and failed to file a responsive pleading after the denial of his Motion to Dismiss. (ECF No. 36 at 3.) Furthermore, the Court found that Defendant Olsen had failed to participate in the case in any way since he filed his Motion to Dismiss in 2014. (*Id.*) As a result, the Court granted Plaintiff's Motion for Entry of Default on August 21, 2015. (*Id*. at 4.) Plaintiff filed its Motion for Entry of Default Judgment Against Defendant Olsen on October 20, 2015. (ECF No. 38.) Defendant Olsen filed no response.

The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry

of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F .2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

### III. ANALYSIS

**A.     Jurisdiction**

First, the Court has subject matter jurisdiction over this case. District courts have subject matter jurisdiction over "any civil action arising under any Act of Congress

3

providing for internal revenue." 28 U.S.C. § 1340. Additionally, district courts have the authority to order the sale of property encumbered by a tax lien, and to render such judgments and decrees as may be necessary or appropriate to complete that sale. 26 U.S.C. §§ 7402(a), 7403(c). Thus, the Court is satisfied that it has subject matter jurisdiction in this lawsuit.

Second, the Court has personal jurisdiction over residents of the state of Colorado because the District of Colorado encompasses the entire state. *See Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1032 (D. Colo. 2015) ("As Defendant resides in the District of Colorado, the Court has personal jurisdiction over him."). In the Complaint, Plaintiff alleges that Defendant Olsen is a resident of Colorado. (ECF No. 1 at 2). Plaintiff's allegations in the Complaint are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendant Olsen.

**B.    Plaintiff's Claims**

Plaintiff's Complaint alleges that Defendant Olsen has failed to pay federal income taxes for the 1998, 1999, 2000, 2002, 2003 and 2004 tax years. (*Id.* at 3.) Plaintiff further alleges that Defendant Olsen's property at 2248 Ramsgate Terrace, Colorado Springs, CO 80919 (the "Subject Property") is subject to federal tax liens. (*Id.* at 2, 6.) Plaintiff seeks a judgment against Defendant Olsen for his unpaid federal income tax liabilities plus interest and other statutory additions. (*Id*. at 6.) Plaintiff also seeks to foreclose the federal tax liens and to direct that the Subject Property be sold to satisfy Defendant Olsen's tax liabilities. (*Id.* at 7.)

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that Plaintiff has established that it is entitled to a default judgment against Defendant Olsen.

Plaintiff has shown that Defendant Olsen has outstanding tax liabilities for the 1998, 1999, 2000, 2002, 2003, and 2004 tax years—as assessed by the Internal Revenue Service (the "IRS")—for which the IRS has made demand for payment. (ECF No. 38-1 at 2–3; ECF No. 38-3 at 2–55.)

Following assessment and demand for payment, if a taxpayer neglects or refuses to pay, a lien in the amount of the assessment arises in Plaintiff's favor. *See* 26 U.S.C. § 6321. The lien attaches to all of the taxpayer's property and rights to property at the time of the assessment and remains in force until the liability is satisfied or becomes unenforceable due to lapse of time. *See* 26 U.S.C. §§ 6321, 6322. Plaintiff has shown that federal tax liens against the Subject Property, to which Defendant Olsen has title, arose on the dates of the tax assessments against him. (ECF No. 38-1 at 4; ECF No. 38-3 at 57.)

The Court may order the foreclosure of federal tax liens on encumbered property, the sale of the property, and the application of the sale's proceeds to the unpaid federal tax liability at issue, even if a third party holds an interest in the encumbered property. *See* 26 U.S.C. § 7403; *see also United States v. Rodgers*, 461 U.S. 677, 699–700 (1983). In *Rodgers*, the Supreme Court outlined several factors for a district court to consider in deciding whether to order a sale of property in which a third party holds an interest, including prejudice to the third party. *Id.* at 709–11. In this case, El Paso County, Colorado holds an interest in the Subject Property due to state property tax liens attached to the property. (ECF No. 26 at 2.) However, El Paso County has stipulated that it will not oppose judicial foreclosure of the Subject Property. (*Id.* at 3.) Plaintiff and El Paso County have further stipulated that the proceeds from the Subject

5

Property's sale will be used to pay off El Paso County's tax liens against Defendant Olsen before they are used to pay off Plaintiff's federal tax liens against Defendant Olsen.  (*Id.*)  Given these stipulations, the Court finds no reason not to order a foreclosure of the federal tax liens and a sale of the Subject Property, subject to the parties stipulations and 26 U.S.C. § 7403.  The Court will enter a default judgment against Defendant Olsen in favor of Plaintiff.

**C.     Damages**

Having determined that a default judgment should be entered, the Court must next determine the amount and character of Plaintiff's recovery.  *See* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2688 (3d ed., Apr. 2015 update); *see also Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of damages has been ascertained.")  Actual proof must support any default judgment for money damages.  *See Klapprott v. U.S.*, 335 U.S. 601, 611–12 (1949).  In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

Here, Plaintiff has supplied an affidavit showing that it is entitled to recover $215,664.02.  (ECF No. 38-1 at 8.)  This amount was developed through calculations which are outlined in several INTSTD module printouts which were provided by Plaintiff.[1]  (ECF No. 38-3 at 71–99.)  Those printouts contain information from several

---

[1] The IRS Integrated Data Retrieval System INTSTD module tracks up-to-date interest and penalty calculations for balances owed, applying the applicable statutory interest rates,

"Form 4340" documents.  (ECF No. 38-1 at 5.)  Each of those documents is titled "Form 4340 Certificate of Assessments, Payments, and Other Specified Matters."  (ECF No. 38-3 at 2–55.)  These forms reflect the amounts of taxes, penalties, and statutory additions assessed by the IRS against Defendant Olsen for the years 1998, 1999, 2000, 2002, 2003, and 2004.  (*Id.*)

The Tenth Circuit has held that the information provided on a Form 4340 serves as "presumptive proof of a valid assessment."  *Ford v. Pryor*, 552 F.3d 1174, 1178–79 (10th Cir. 2008); *see also United States v. Kalevik*, 398 F. Supp. 2d. 1152, 1158 (D. Colo. 2015) (holding that Forms 4340 are admissible evidence and are the proper means of establishing the assessment of federal income taxes).  Furthermore, because the computations included on the INTSTD module printouts follow logically from the figures represented on the Forms 4340, the Court is assured that those computations are correct in this case.  *See United States v. Welch*, 2013 WL 5338507, at *6 (D. Colo. July 25, 2013).  Therefore, the evidence provided by Plaintiff is sufficient for the Court to award the Plaintiff the specific amount of $215,664.02.

Plaintiff also alleges that this amount must be decreased by any payments made against liabilities, and increased by interest and other statutory additions that accrue after October 5, 2015.  (ECF No. 38 at 8.)  The amounts of these deductions and augmentations are provided by statute.  *See* 26 U.S.C. §§ 6601, 6621, 6622; 28 U.S.C. § 1961(c).  No hearing is required to establish these amounts.  Accordingly, default judgment shall be entered for the calculable amount of damages described above.

---

compounded daily.  (ECF No. 38-1 at 5.)

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment Against Carl F. Olsen (ECF No. 38) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant Olsen in the amount of $215,664.02 less any payments made against the liabilities, plus interest and other statutory additions that have accrued since October 15, 2015, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

3. Plaintiff's federal tax liens against the Subject Property are hereby FORECLOSED, and the Subject Property shall be sold pursuant to 26 U.S.C. § 7403 and U.S.C. § 2001.  The net proceeds of the sale shall be distributed in the priority stipulated to by Plaintiff and Defendant El Paso County, Colorado (ECF No. 26 at 3);

4. A deficiency judgment is granted to Plaintiff in the amount of any tax indebtedness that the Subject's Property sale does not satisfy; and

5. Plaintiff shall have its costs.

Dated this 27th day of January, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge