Case 1:14-cv-03302-WJM-KLM   Document 44   Filed 02/02/16   USDC Colorado   Page 1 of 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-3302-WJM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL F. OLSEN

    Defendant.

---

**ORDER OF SALE**

---

On January 27, 2016, the Court entered judgment in favor of the United States and ordered foreclosure of the United States' tax liens against certain real property (the "Subject Property") owned by Carl F. Olsen. The Subject Property is commonly referred to as "2248 Ramsgate Terrace, Colorado Springs, Colorado 80919." It is more particularly described as follows:

> Lot 91 in Mountain Shadows Filing No. 4, El Paso County, Colorado, according to the plat thereof recorded in Plat Book V-3 at Page 80.

The Court enters this Order of Sale pursuant to 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    The United States Marshal for the District of Colorado or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") shall offer the Subject Property for public sale and shall sell the Subject Property in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The United States may choose either

the U.S. Marshal or PALS to carry out the sale under this Order.  This Order of Sale acts as a special writ of execution; no further order or process is necessary to conduct the sale.

    2.    Once the property has been vacated as provided for in paragraph 5, the U.S. Marshall or PALS shall have complete access to the Subject Property and take all actions required to preserve it, including but not limited to retaining a locksmith or other person to change or install locks or other security devices on any part of the premises, until the Subject Property's deed is delivered to the ultimate purchaser.  Before the property has been vacated as provided for in paragraph 5, the U.S. Marshall or PALS must give the current occupant reasonable notice before entering the Subject Property for any of these purposes, unless the U.S. Marshall or PALS has reasonable grounds to believe that it must enter without notice to prevent irreparable harm or waste to the Subject Property.

    3.    The sale's terms and conditions are the following:

        a.    Except as this Order otherwise states, the sale shall be by public auction to the highest bidder, free of all liens and interests.

        b.    The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and to any easements or other restrictions of record.

        c.    The sale shall be held either at the El Paso County Judicial Building, on the Subject Property's premises, or at any other location which is permitted by the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time that the U.S. Marshal or PALS announces.

      d.      Notice of the sale shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in El Paso County, Colorado, and, at the U.S. Marshal's or PALS' discretion, by any other notice deemed appropriate.  (State and local law regarding notice requirements and redemption rights do not apply to these sales under federal law.)  The notice shall contain a description of the Subject Property and this Order's terms and conditions of sale.

      e.      The Internal Revenue Service will set the minimum bid.  If no bid meets or exceeds the minimum bid, the U.S. Marshal or PALS may, without further Court permission and under this Order's terms, hold a new public sale and reduce the minimum bid or sell to the highest bidder.

      f.      At the time of sale, bidders must deposit with the U.S. Marshal or PALS a minimum of 10% of the bid, made by certified or cashier's check payable to the Clerk of the United States District Court for the District of Colorado.  Before being permitted to place a bid, bidders shall present to the U.S. Marshal or PALS proof of compliance with this requirement.  The United States may bid as a credit against its judgment without tendering cash.

      g.      The successful bidder shall pay the balance of the Subject Property's purchase price (in excess of the tendered deposit) to the U.S. Marshal or PALS within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the Clerk of the United States District Court for the District of Colorado.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to cover the sale's expenses, including commissions due

under 28 U.S.C. § 1921(c).  The Clerk shall distribute any amount of the deposit remaining in the order of preference set forth in paragraph 8 of this Order.  The U.S. Marshal or PALS again shall offer the Subject Property for sale under this Order's terms, or in the alternative, sell the Subject Property to the second highest bidder.

       h.      The Subject Property's sale shall not be final until this Court confirms the sale.  The U.S. Marshal or PALS shall file a report of sale with the Court within 30 days of receipt of the purchase price balance.

       i.      Upon the sale's confirmation, the U.S. Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser.

       j.      Upon the sale's confirmation, the interests of, liens against, or claims to the Subject Property held or asserted by the United States and any other parties to this action, including those parties' successors in interest and transferees, shall be discharged and extinguished.

       k.      Upon the sale's confirmation, the purchaser shall have the El Paso County Clerk and Recorder reflect transfer of the Subject Property on El Paso County's register of title.

       l.      The Subject Property's sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.      Until the Subject Property is sold, Carl F. Olsen shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances on the property) in its current condition,

including but not limited to maintaining a fire and casualty insurance policy on the Subject Property.  Mr. Olsen shall not (i) commit waste against the Subject Property or cause or permit anyone else to do so; or (ii) record any instruments, publish any notice, or take any other action that may directly or indirectly reduce the Subject Property's value or marketability or discourage potential bidders from participating in the public sale, or cause or permit anyone else to do so.  Violation of this paragraph will constitute, and be punishable as, contempt of Court.  Should Mr. Olsen fail to comply with this paragraph's directives, other Defendants in this case who have a recognized property interest in the Subject Property may take steps to protect it by agreement or, if they cannot reach agreement, by seeking further Court order.

5. All persons occupying the Subject Property shall vacate it permanently within 40 days of the date of this Order, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances).  If any person fails or refuses to vacate the Subject Property by the time specified in this Order, the Court authorizes the U.S. Marshal to take whatever action appropriate to remove such person from the premises (whether the U.S. Marshal or PALS is conducting the sale).  If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified in this Order, the personal property remaining at the Subject Property shall be forfeited and abandoned.  The U.S. Marshal or PALS is authorized to remove it and dispose of it in any appropriate manner, including sale.  Any such sale's proceeds should be applied first to the sale's expenses and then paid into the Court for further distribution.

6. Notwithstanding paragraph 5, if after the Court confirms the Subject

Property's sale, the Subject Property remains occupied, the purchaser may, without further notice, obtain a writ of assistance from the Clerk of Court.

7.  If his address changes, Carl F. Olsen shall file a forwarding address with the Court within 30 days of any such change, and serve a copy of same on the United States and all other parties to this litigation.  If Mr. Olsen, or any other person occupying the Subject Property, vacates the Subject Property prior to the deadline set forth in paragraph 5, such person shall notify counsel for the United States no later than 2 business days prior to vacating by calling Charles Butler at 202-514-6062 or emailing him at Charles.J.Butler@usdoj.gov.

8.  The proceeds arising from sale shall be paid to the Clerk of this Court. The Clerk shall disburse the funds in the following order of preference, to which the parties have stipulated and which the Court has ordered, until these expenses and liens are satisfied or the proceeds exhausted:

    a.  First, to the U.S. Marshal or PALS (whichever conducted the sale as arranged by the United States) for the costs of the sale, including any commissions due under 28 U.S.C. § 1921(c) and any expenses for securing or maintaining the Subject Property prior to confirmation of sale.

    b.  Second, to El Paso County, Colorado, for any unpaid real property taxes due and owing at the time of sale, including statutory accruals and interest, less any payments or credits.

    c.  Third, to the United States for the federal tax debts of Carl F. Olsen for the 1998, 1999, 2000, 2002, 2003, and 2004 tax years, including all accrued statutory penalties, additions, and interest, until the proceeds are exhausted or

the liabilities fully paid.

    SO ORDERED.

Dated this 2nd day of February, 2016.

              BY THE COURT:

              William J. Martínez
              United States District Judge